TEXAS AND PACIFIC COAL COMPANY v. JENNIE DAVES ET AL.

Decided January 6, 1906.

**Personal Injury—Res Ipsa Loquitur.**

Because the expert witnesses for the defendant, although they testified that the machinery was adjusted and operated in a very careful manner, could not account for the accident by which the injury was inflicted on any other theory than that of the negligence of the defendant alleged and proved by plaintiffs, the jury were warranted in returning a verdict for the plaintiffs.

Appeal from the District Court of Palo Pinto County. Tried below before Hon. W. J. Oxford.

*John W. Wray,* for appellant.—The burden was upon the appellees to both aver the facts constituting the alleged negligence, and to prove them by a preponderance of the testimony. The mere proof of the happening of the accident was neither evidence of negligence nor a circumstance tending to establish it. Baulec v. New York & H. Ry. Co., 59

N. Y., 366; Essex v. Kelly, 29 At. Rep., 427; Broadway v. San Antonio, 60 S. W. Rep., 270; Duerler Co. v. Duelling, 83 S. W. Rep., 890; Patton v. Texas & P. Ry., 179 U. S., 658; Lawyers' Book 45, p. 364, and cases.

The court erred in not giving special charge No. 3 submitted by the defendant, which called the attention of the jury to the fact that the accident, etc., did not sustain the allegations of negligence; that negligence must be proven affirmatively, and independent of the happening of the accident, as will more fully appear from such instruction. Glasscock v. Swofford Bros. Dry Goods Co. (Mo.), 80 S. W., 366; Texas & P. Ry. v. Barrett, 166 U. S., 617, Book 41 L. C. P., 1136; Texas & P. Ry. v. Patton, 179 U. S., 662, 45 L. C. P., 364; Kuhns v. Wisconsin Ry., 31 N. W. Rep., 868; Broadway v. San Antonio, 60 S. W. Rep., 270; Duerler Co. v. Duelling, 93 S. W. Rep., 890.

*W. P. Gibbs* and *E. B. Ritchie,* for appellees.—The court did not err in refusing to grant defendant's motion to instruct the jury to return a verdict in its favor, plaintiffs' evidence on the issue of negligence being sufficient to go to the jury and to warrant the jury in finding for the plaintiffs on such issue. McCray v. Galveston, H. & S. A. Ry. Co., 89 Texas, 168, 34 S. W. Rep., 95; Gulf, C. & S. F. Ry. Co. v. Wood, 63 S. W. Rep., 165; Barnowski v. Helson, 15 Law Rep. Ann., 33 and note; Howser v. Cumberland & P. Ry. Co., 27 Law Rep. Ann., 154; Griffin v. Manice (N. Y.), 52 Law Rep. Ann., 922; Judson v. Powder Co. (Cal.), 29 Law Rep. Ann., 718.

STEPHENS, Associate Justice.—This appeal is from a verdict and judgment against appellant for four thousand dollars damages, resulting to the appellees from the death of J. H. Daves. The nature of the case is thus succinctly stated in appellees' brief: "This suit was instituted on the 16th day of January, 1905, by appellees against appellant to recover damages on account of the death of J. H. Daves, who was alleged to have been the husband, father and son respectively, of the plaintiffs; plaintiffs alleging that the said J. H. Daves was killed on October 24, 1904, while being hoisted out of one of the coal mines of the defendant in Palo Pinto County, Texas, at which time he was in the employ of said defendant, and engaged with others in repairing the defendant's shaft leading into and out of said mine; that the hoisting into and out of said shaft was done by means of a bucket to which was attached a wire rope or cable, which rope passed over a pulley or shive wheel at the top of the shaft, and thence to a cylinder or drum attached to an engine situated near the shaft; that at the time in question, while Daves and others were being hoisted out of said shaft, the wire cable or rope, after circling the drum or cylinder of the engine to the south end of said drum, climbed itself against the flange and ran off the end of said drum, causing the bucket to be precipitated back into the shaft some forty feet, Daves being thrown from the bucket and precipitated to the bottom of the shaft and killed; that the engine and drum to which the rope was attached was negligently so placed by the defendant, and had been, only a few days before the killing, so negligently moved and placed that it was not in proper position and alignment with the pulley

or shive wheel at the top of the shaft, thus causing the cable to climb the flange and run off."

We find that the evidence tended to prove negligence as alleged and warranted the verdict, although the witnesses offered by the appellees to make out their case, being those in charge of and assisting in the work, all claimed to have adjusted and operated the machinery in a very careful manner. They could not account for the accident, however, experts though they were, unless the drum of the engine was considerably out of alignment with the sheave wheel, which left room for the inference that they had exercised less care in making the adjustment than was claimed in their testimony. It is a clear case, we think, of *res ipsa loquitur.*

We find no merit in the assignments complaining of the charge or of the court's refusal to give special charges.

Having thus disposed of all the issues raised, we affirm the judgment.

*Affirmed.*

Writ of error refused.